**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CIVIL NO.  1:08CV551**


| | | |
|---|---|---|
| **JOE HAND PROMOTIONS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **Vs.** | ) | **O R D E R** |
| | ) | |
| **LARRY COLEMAN FITCH; NATHAN DALE FITCH; and DAWGS SPORTS BAR, LLC,** | ) ) ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |


**THIS MATTER** is before the Court on the Magistrate Judge's

Memorandum and Recommendation, filed March 2, 2009, and the

Defendants' objections thereto along with their motion for reconsideration,

filed March 8, 2009.

The Memorandum and Recommendation addresses Defendant

Nathan Fitch's motion to dismiss, filed February 5, 2009, without an

accompanying memorandum of law.  The Magistrate Judge recommended

the motion be denied without prejudice for non-compliance with the Court's

Local Civil Rule 7.1(C)(1).  **Memorandum and Recommendation, at 1-2.**

In a curative effort, counsel for Nathan Fitch filed an Amendment to Answer and Affirmative Defenses on March 8, 2009, which incorporated the motion to dismiss into the previously filed answer.  ***See* Defendants' Answer and Affirmative Defenses, filed February 24, 2009; Defendants' Amendment to Answer and Affirmative Defenses, filed March 8, 2009.**  In "Defendants' Objections" to the Memorandum and Recommendation, Defendants state that prior to the filing of their answer, Defendant Nathan Fitch was a citizen and resident of Myrtle Beach, South Carolina; that defense counsel "inadvertently failed" to include in the Defendants' answer a motion to dismiss Nathan Fitch for lack of personal jurisdiction, insufficient process, and insufficient service of process; and that Defendants have now amended their answer to include such a motion. ***See* Defendants' Objections, *supra*.**  Defendants' "objections" point to no error in the Memorandum and Recommendation nor do they come forward with any argument why this Court should not adopt the findings therein.[1]

---

[1] In their "objections," the Defendants also move for reconsideration but do not state what issue should be reconsidered.  The undersigned will respectfully refer such motion to the Magistrate Judge along with the question of whether or not Defendants' amendment to their answer complies with the Federal Rules of Civil Procedure.

A party may file written objections to a Magistrate Judge's memorandum and recommendation within ten days after being served with a copy thereof.  **28 U.S.C. § 636(b)(1).**  "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections."  ***Thomas v. Westinghouse Savannah River Co.*, 21 F. Supp. 2d 551, 560 (D.S.C. 1997); *see also*, *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.").**  "Frivolous, conclusive or general objections need not be considered by the district court."  ***Id.***  "A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  ***Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also Jones v. Hamidullah*, 2005 WL 3298966, at *3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash**

**[the] general arguments and do not direct the court's attention to any
specific portion of the [report].")**.  General or conclusive objections
result not only in the loss of *de novo* review by the district court, but also in
waiver of appellate review.  ***Tyler v. Beinor*, 81 F. App'x 445, 446 (4ᵗʰ Cir.
2003); *United States v. Woods*, 64 F. App'x 398, 399 (4ᵗʰ Cir. 2003)**.
Where no objection is made, however, the Court need "'only satisfy itself
that there is no clear error on the face of the record in order to accept the
recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.*, 416
F.3d 310, 315 (4ᵗʰ Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory
Committee note).**

Because the Defendants have made no objections (specific or
otherwise) to the Memorandum and Recommendation, the Court finds,
after a careful review thereof, that the proposed findings of fact are
supported by the record and that the proposed conclusions of law are
consistent with current case law.  Accordingly, the Court hereby accepts
the Magistrate Judge's Recommendation that the unsupported motion to
dismiss filed by Defendant Nathan Fitch be denied.

**IT IS, THEREFORE, ORDERED** that Defendant Nathan Dale Fitch's motion to dismiss filed February 5, 2009, is hereby **DENIED WITHOUT PREJUDICE**.

The undersigned hereby respectfully refers Defendants' Motion to Reconsider to the Magistrate Judge along with the question of whether or not Defendants' amendment to their answer complies with the Federal Rules of Civil Procedure.

Signed: March 17, 2009

Lacy H. Thornburg
United States District Judge